Mr. Justice James
delivered the opinion of the court:
The plaintiff, Leonard Mackall, who claims to hold as trustee for Brooke Mackall, senior, sues the defendant Richards in ejectment. The trustee asserts his title to the property in question under a deed to him containing the following clause:
“ To have and to hold the said lot, piece or parcel of N-nds and premises, with the appurtenances, unto said party of the second part, his heirs and assigns forever, for his and their sole use, benefit and behoof forever.
“In trust, nevertheless, for the uses and purposes following and none others, that is to say, to hold the same for the use and benefit of the aforesaid Brooke Mackall, senior, and subject to his absolute control and disposal, and to sell and dispose of the same as the said Brooke Mackall, senior, may in writing direct and require.”
A good deal of the argument of the counsel for the plaintiff has been devoted to showing that the statute of uses did not execute the trust here and that a legal estate was taken by the trustee. It was hardly necessary to have spent any time upon that branch of the case for it is well settled since the statute of uses that where the conveyance is to the trustee for his own use, that is the first use and the legal estate is prevented by the statute from going to the cestui que use, the trustee himself taking it. The question here is what sort of a legal estate did the trustee take? It is very common learning that where an éstate is “ conveyed ” — that is the strict technical term — by will to a trustee, the latter’s estate is ascertained by the intention. JDoes the same rule apply when the conveyance is by deed? We have looked into the authorities very carefully ánd without citing any *454 number of cases, we find, as was declared in a Massachusetts case by the learned real estate lawyer Wilde, and afterwards in a later case reiterated by him, and again in the most positive manner sustained by Chief-Justice Shaw, that while the general common law rule requires the use of the word “ heirs ” in order to pass an estate in fee simple, deeds in trust are always an exception to the rule, the latter being invariably construed according to the intention. The exception arose in the desire to reach the same end that was attained by means of conveyances to uses before the statute, when the courts of that day held that the common law rule in regard to words of inheritance being necessary did not apply to such conveyances. Hence, since the statute it has been declared that neither does the rule apply to trusts and that they are to be given the same construction. Accordingly, it is held in courts of equity, that if the intention is to give the trustee an estate in fee simple, he takes such an estate ; on the other hand, the same court declares that if the intention be that he shall take a less estate, a fee would not pass notwithstanding the words of inheritance were in the instrument of conveyance. In section 312 of Perry on Trusts, it is said that: “ In all cases where an estate is given to one for the use of another, in such manner that the statute of uses steps in and executes the estate in the cestui que trust, the statute executes in the cestui que trust only the estate which the first donee or trustee takes,” that is, the statute executes or transfers the exact estate given to the trustee. Therefore, if A give an estate to B and his heirs, for the use of C and his heirs, the statute will execute the fee simple in C. But if A gives an estate to B for the use of C and his heirs, the statute will execute only an estate for the life of A in C ; for that is the extent of the estate conveyed to B by a deed in that form, that is, by a deed that has no words of inheritance in B.' While this is the rule in respect to estates which the statute executes, a very different rule applies to estates upon a trust or use not executed by the statute. In these cases, the extent or quantity of the estate taken by the trustee is determined, not by the circumstance *455 that words of inheritance in the trustee are or are not used in the deed or will, but by the intent of the parties.”
It is to be observed that, although it was decided in New York, as reported in 10 John. Rep., 495, that the word “ heirs ” was not necessary to create a fee in a trustee, yet a Pennsylvania case, in inferring to that decision, seems to imply that such a view could only be taken in equity. But this can hardly be sound ; for when courts of equity come to take hold of the question, it is often necessary for them to determine whether or not by law a legal estate has vested, and how large an estate has been passed.
In a Massachusetts case, for example there was a bill filed for specific performance, and the facts were that the person who had bought from the trustee, made a contract for the sale of the property, and agreed to give a good title, but the proposed vendee refused to take it, being of the opinion that the trustee had only a life estate ; the question coming before the court whether it was a good title at law, it was held to be a good fee, on the ground that these were exceptions to the rule of common law conveyances, and that a conveyance to trustee without words of inheritance, could give him a fee simple, if such an estate was necessary in him for the execution of the trust. He was, in other words, to take as large an estate, and no larger, as was necessary for this purpose. This accords with the rules laid down in "Washburne and Perry, and explains, as Washburne says, how an estate to A and his heirs, in trust for B until the latter shall attain the age of twenty-one years is a mere chattel interest, and if the trustee dies it could not be executed by his heir, but had to be executed by his executor during the remainder of the minority of the cestui que trust. If we apply this rule to the case at bar, we will see that the estate conveyed is for the benefit of Brooke Mackall, senior. This trustee could not, under the language of this deed, control the property, nor could he, as has been contended, bring an action of ejectment against his cestui que trust, for though the general rule was pressed upon us that a trustee could maintain ejectment against his cestui que trust, there are certain essentials neces *456 sary to enable Mm to do so ; it is elementary law that be must have the legal title and the right of entry, but this trustee had no right of entry against his cestui que trust.
The cestui que trust had reserved to him, by the very declaration of the trust, an absolute control and power of disposition, and right of possession ; and it is plain that the trustee could not, therefore, maintain ejectment against him. Now, the grantor and cestui que trust, Brooke Mackall, senior, having brought action in the name of the trustee against a so-called stranger, disposed of his interest after the suit was brought, and the estate of the trustee ceased thereby.
The trustee had no right of possession save in behalf of the cestui que trust, and the latter had conveyed all his right to another, including his right of possession. In such a case the trustee could have no right to recover. It is said, however, that he has the right to go on and recover mesne profits ; but this can only be where the two rights go together. Here the loss of one involves the loss of the other ; they are bo,th in the same boat, and both go down together. The right of action having determined, the suit must fail. Cases might be cited where a different rule applies, as where the defendant shows that he has acquired a better title since the action began, but we have found no such application to the entire loss of the plaintiff’s title. The ground is not taken here that the defendant had acquired a new estate after the action began, but that the plaintiff’s right of action disappeared with the right of possession in the cestui que trust.
The judgment below must be affirmed.
Mr. Justice Wylie dissented.